**E-filed 7/3/07**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRED J. TAYLOR | ) | No. C 04-0356 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| RAY MORSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

   Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against employees at the Correctional Training Facility in Soledad, California. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The Court initially dismissed the complaint with leave to amend because Plaintiff did not set forth facts sufficient to state a claim under § 1983. Plaintiff has filed an amended complaint. The Court will review the amended complaint and order service of the amended complaint on the named Defendants.

## BACKGROUND

   Plaintiff's alleges that Soledad Correctional Training Facility staff changed his doctor's order prescribing a specific medication so that Plaintiff could remain at work during the day

without having to take a break to receive his narcotic prescription. Plaintiff claims that Dr. Sinnoco prescribed Plaintiff certain medication and gave him a pass to take the medication three times per day. Plaintiff was receiving treatment for high blood pressure, Hepatitis-C, and for an undiagnosed illness that Doctors believed might be a brain tumor. The prescribed medication is a narcotic and Plaintiff was supposed to take it under observation. Defendant Ray Morse, Plaintiff's work supervisor, refused to let him leave work on the Doctor's pass. Defendant Morse told Plaintiff that he spoke with Defendant Senior Medical Technician (M.T.A.) Yarbrough and arranged to have Plaintiff's medication changed so Plaintiff did not have to leave work. Plaintiff's medication was changed to ibuprofen, which he could take in the evening after work.

Plaintiff spoke with Defendant Yarborough regarding the change to his medication. Plaintiff asked Defendant Yarborough what could be done for his intense pain and discomfort and Defendant Yarborough replied that Plaintiff would have to wait. When Plaintiff reported this problem to Defendant Morse's supervisor, Defendant Charlie Walker, Walker replied that the P.I.A. has it policy and that Walker could not go against the medical department. When Plaintiff went for medical treatment, he was informed that a M.T.A. or P.I.A. supervisor are not allowed to change a Doctor's medical order and that his medical condition information should not be released without his consent. Dr. Sinnoco allegedly reviewed Plaintiff's medical file with a subordinate and then allowed the subordinate to rescind Plaintiff's medical pass and change Plaintiff's prescription medication.

Plaintiff names the following Defendants in his amended complaint: Ray Morse, P.I.A. Supervisor at Soledad Correctional Training Facility; Ruth Yarbrough, Senior M.T.A. at Soledad Correctional Training Facility; Dr. Sinnoco at Soledad Correctional Training Facility; and Charlie Walker, Superintendent 1 at Soledad Correctional Training Facility. Plaintiff seeks general, special and punitive damages.

\\\

\\\

\\\

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Liberally construed, Plaintiff alleges a cognizable claim of deliberate indifference against the named Defendants.  The Court will order service of the amended complaint.

**CONCLUSION**

1.      The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 6), all attachments thereto, and copies of this order on Defendants Ray Morse, P.I.A. Supervisor;  Ruth Yarbrough, Senior M.T.A.; Dr. Sinnoco; and Charlie Walker, Superintendent 1.  All Defendants are located at the Correctional Training Facility in Soledad, California.  The Clerk shall also serve a copy of this order on Plaintiff.

2.      In order to expedite the resolution of this case, the Court orders as follows:

a.      No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion, or shall notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint

says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end his case, albeit without prejudice. Plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

c.       Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.       All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

4.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a

timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

IT IS SO ORDERED.

DATED: __6/29/07_____

JEREMY FOGEL
United States District Judge

1   This is to certify that a copy of this ruling was mailed to the following:

2

3   Fred J. Taylor
    C-54232
    CTF - Soledad
4   P.O. Box 689
    Soledad, CA  93960-0689
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28